UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTERA ENERGY OPERATING SERVICES, LLC,<br><br>    Defendant. | Case No. 15-cv-00588-MEJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## BACKGROUND

Plaintiff Juan Manuel Lopez brings this employment discrimination case against his former employer, Defendant NextEra Energy Operating Services, LLC ("NextEra"). On November 3, 2015, the parties reached an agreement on the basic terms of settlement for this entire action. Joint Case Mgmnt. Stmnt. at 3, Dkt. No. 24. Lopez agreed to the settlement amount verbally, and his counsel communicated Lopez's agreement to Next Era's counsel. *Id.* However, Lopez subsequently failed to sign the settlement agreement and has not communicated with his counsel for nearly five months, despite numerous efforts by email, voicemail, and U.S. mail. *Id.* at 3-4; Herron Weber Decl. ¶ 3, Dkt. No. 28. Based on this inaction, the Court ordered Lopez to show cause by May 2, 2016, why this case should not be dismissed for failure to prosecute. Order to Show Cause, Dkt. No. 25. The Court warned Lopez that it may dismiss the case if he failed to file a written response. *Id.* As of the date of this Order, Lopez has failed to respond. On May 2, 2016, his counsel filed a declaration, stating that she has not had any communication with Lopez since December 17, 2015 and that she sent him the Court's Order to Show Cause by email and U.S. mail with a cover letter requesting that he contact her office. Herron Weber Decl. ¶ 4. Based on this procedural history, the Court finds it appropriate to dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**DISCUSSION**

The first two *Henderson* factors strongly support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket also weighs in favor of dismissal. Lopez has delayed adjudication of the claims in this case by failing to (1) execute or reject the proposed settlement agreement, (2) communicate with his counsel and NextEra, and (3) respond to the Court's Order to Show Cause. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a

presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Lopez failed to respond to the Court's Order to Show Cause, offered no explanation for the failure to communicate with his counsel and NextEra, and has not otherwise appeared in this case in nearly five months. Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See*, *e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Lopez an opportunity to explain his failure to prosecute this matter. As Lopez failed to respond and has not communicated with his counsel or NextEra in nearly five months, another order requiring him to respond is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Lopez of the risk of dismissal; thus he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274.

1   Accordingly, the Court finds the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. Lopez has failed to communicate with his counsel or NextEra in nearly five months and failed to respond to the Court's Order to Show Cause. Thus, Lopez has failed to prosecute this case, and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to NextEra, but dismissing the case without prejudice will preserve the Lopez's ability to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice). Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: May 5, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4